# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    *Plaintiff,*　　　　　　　　　Case No. 2:23-mj-363

  v.　　　　　　　　　　　　　　　Chief Judge Algenon L. Marbley

**BRINSON CALEB SILVER,**　　　　　Magistrate Judge Chelsey M. Vascura

    *Defendant.*

---

**RESPONSE TO GOVERNMENT'S MOTION FOR REVIEW OF RELEASE ORDER**

---

    Now comes the Defendant. Brinson Caleb Silver, by and through undersigned counsel, and hereby files this Response and asks the Court to uphold Magistrate Judge Vascura's Order of conditional release from June 23, 2023. The United States seeks this Court's *de novo* review and revocation on the grounds that Mr. Silver is a flight risk. But, as demonstrated through the Detention Hearing, Mr. Silver poses no such risk and should be released subject to the conditions specified in the Order (ECF No. 11).

    The government had the burden of demonstrating that Silver is a flight risk by a preponderance of the evidence, but it failed to meet its burden—in large part because Silver is *not* a flight risk. Silver has good reason to remain in the country and appear before the Court when called upon: his family. Silver's partner and three children live in California, and they need him. Indeed, one of his children is facing significant mental health issues, and recently attempted suicide. Silver needs to be there for his daughter, and he has every reason to stay by her side if given the chance.

Silver has also appeared for several hearings already in the civil case, captioned as *Root, Inc., v. Silver, et al.*, 2:23-cv-512.  This matter is the basis for the criminal contempt before this Branch of the Court. Silver appeared at two show cause hearings before being arrested in the courthouse for the present criminal case. For these hearings, he flew into Columbus, Ohio once from California, and once internationally. Silver was outside of the United States and could have attempted to flee if he wanted to. But Silver chose to appear for the show cause hearings, and in so doing he showed that he is not a flight risk—even less so now that he has been ordered to surrender his passport.

The Magistrate Judge also put substantial conditions on Silver's release, which will further serve to guarantee his appearance whenever called upon. Not only has the court ordered Silver's Passport be turned over to the clerk of court, but it has also forbidden him from obtaining any type of international travel documents, making it essentially impossible for Silver to flee the country. (ECF No. 11). Counsel is now currently in possession of said Passport and will deposit it with the Clerk immediately.  In addition, the Magistrate Judge ordered Silver's movements to be restricted and monitored, placing him under home confinement and ordering him to wear a GPS-enabled device. (ECF No. 11). With these restrictions, even if Silver wanted to flee, he would not get far.

The Government believes that Silver should be indefinitely detained mainly because many months ago he discussed fleeing the country with a company called Nomad Capitalist, but in making this argument the Government swings a double-edged sword. (ECF No. 12.) Assuming that the government's allegations are true, and that Silver inquired into ways to flee the country last January, there is a glaring flaw in the government's argument: Silver returned to the United States, and this Court, when ordered. Silver did not flee. If he did not flee then—when he had the means and opportunity to do so—he will not flee now, when he has neither.

Lastly, as a practical matter, even with the availability of release on bond, Silver will not be released from custody, as he is being confined for contempt in the currently pending civil case. This matter is pending before Judge Morrison in this Court. That will not change until he has satisfied Judge Morrison that he has disclosed all his assets and fully-cooperated with the Receiver. Once that Court is satisfied that all of Silver's assets are accounted for and under receivership, he may then be released from civil contempt, at which point he would still have to post a significant—arguably impossible—bond to obtain his release. Assuming he could post bond, he would still find himself penniless, confined to his home, and monitored by GPS, completely incapable of flight.

For these reasons, the Court should DENY the government's motion and UPHOLD the Magistrate Judge's release order.

Respectfully Submitted,

/s/ Phillip A. Templeton
Counsel for Brinson Silver
720 S. High St.
Columbus, OH 43206
740.404.2544
ptempleton57@gmail.com

Certificate of Service

Undersigned Counsel hereby certifies that a copy of the foregoing Response was served upon the US Attorney via the Clerk's E-filing system this 28th day of June, 2023.

/s/ Phillip A. Templeton
Counsel for Brinson Silver